**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>AVI SCHWALB,<br>SSN:  xxx-xx-0747,<br><br><br>     Debtor. | Case No. 25-12666-JGR<br>Chapter 7 |
| JEFFREY SWANSON,<br><br>     Plaintiff,<br>v.<br><br>AVI SCHWALB,<br><br>     Defendant. | Adv. Pro. No. 26-01032-JGR |

## ORDER DENYING MOTION TO DISMISS COMPLAINT

THIS MATTER is before the Court on Defendant Avi Schwalb's Motion to Dismiss Complaint filed by Avi Schwalb ("Defendant") on March 13, 2026 (Doc. 9) and the Response filed by Jeffrey Swanson ("Plaintiff") on March 30, 2026 (Doc. 12).  No reply to the response has been filed by Defendant.

## INTRODUCTION

When evaluating a motion to dismiss, a court may properly consider exhibits attached to the complaint, all materials referenced in the complaint, and materials subject to judicial notice. *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008). The court may also consider documents not attached to the complaint or incorporated by reference, but that are "integral to the complaint." *Official Comm. of Unsecured Creditors v. Bay Harbour Master Ltd. (In re BH S&B Holdings LLC)*, 420 B.R. 112, 132 (Bankr. S.D.N.Y. 2009). *See also Tal v. Hogan*, 453 F.3d 1244, 1264-65 n.24 (10th Cir. 2006) ("facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment"); *St. Louis Baptist Temple v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

Defendant filed a Chapter 11 bankruptcy case in this District on May 2, 2025, Case No. 26-12666-JGR (the "Bankruptcy Case").  On the filing date, Defendant was embroiled in significant criminal and civil litigation.  The Bankruptcy Case was filed on the eve of a state court civil jury trial.

On March 20, 2025, a Statewide Grand Jury Superseding Indictment was filed in the Denver District Court, Case No. 2025CR15038.  Defendant was indicted on 47 counts of 51 counts including violations of the Colorado Organized Crime Control Act and theft for perpetrating a fraudulent home remodeling scheme in which the Defendant and others received customer deposits for home remodeling, failed to complete work, left homes uninhabitable, and misused the deposits for personal gain.

The Defendant was also faced with approximately twenty lawsuits and foreclosure actions from either homeowners who were pursuing tort and contract claims or lenders to the rental properties who claimed the Defendant collected rents from such properties and failed to pay the mortgages.

The Chapter 11 reorganization case was converted to a Chapter 7 liquidation case on October 30, 2025, over the Defendant's objection.

The Defendant appealed the conversion order to the United States District Court for the District of Colorado (25-CV-3624).  He sought a stay pending appeal from this Court, which was denied on December 2, 2025 (Bankruptcy Case Dkt. 326).  The United States District Court for the District of Colorado also denied the Defendant's motion for a stay pending appeal.  The appeal is pending and has been fully briefed.

After a nearly three-week long trial, on or about February 20, 2026, Defendant was found guilty on all 47 counts asserted in the criminal indictment.  Plaintiff's response states Defendant was found guilty on two counts of theft of the Plaintiff's property in an amount between $100,000 and $1,000,000.

On November 23, 2023, Plaintiff commenced an action the District Court of Jefferson County against the Debtor, Avi's Remodeling and Contracting, LLC dba Schwalb Builders, LLC, and the Debtor's son, Sean Schwalb, case no. 23CV31569.  Plaintiff asserted included claims against the Debtor and other defendants in the State Court Action for violating the Colorado Construction Trust Fund Statute at C.R.S. § 38-22-127 and for civil theft.

On August 15, 2024, Plaintiff obtained a judgment against all the defendants in the State Court Action including the Debtor in the amount of $346,468.71

## THE DISCHARGEABILITY ADVERSARY PROCEEDINGS

Eight separate adversary proceedings have been filed against the Defendant seeking determinations of non-dischargeability under various provisions of 11 U.S.C. § 523(a):

2

Case No. 26-01024-JGR   *Kevin Collins and Noelle Collins v. Avi Schwalb*
Case No. 26-01030-JGR   *Jill Bubenik and Brandon Bubenik v. Avi Schwalb*
Case No. 26-01031-JGR   *Uzi Berger v. Avi Schwalb*
Case No. 26-01032-JGR   *Jeffrey Swanson v. Avi Schwalb*
Case No. 26-01033-JGR   *Fannie Mae v. Avi Schwalb*
Case No. 26-01034-JGR   *David Amster-Olszewski and Kirby Jones v. Avi Schwalb*
Case No. 26-01075-JGR   *Brianna Tanner and Douglas Tanner v. Avi Schwalb*
Case No. 26-01103-JGR   *Karen Davidson and Benjamin Davidson v. Avi Schwalb*

With the exception of Case No. 26-01103-JGR, which was filed on April 17, 2026, and was not served until April 21, 2026, Defendant has moved to dismiss each of the adversaries under Fed.R.Civ.P. 12(b)(6) as incorporated by Fed.R.Bankr.P. 7012 for failure to state a claim.

## LEGAL STANDARD

To survive a motion to dismiss under Fed R. Civ. P. 12(b)(6) (as incorporated by Fed.R.Bankr.P. 7012), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. *Morse v. Regents of the Univ. of Colo.,* 154 F.3d 1124, 1126–27 (10th Cir. 1998). However, the Court need not accept legal conclusions as true. *Khalik v. United Air Lines,* 671 F.3d 1188, 1190 (10th Cir. 2012). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.* at 1191. The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008).

A claim is considered "plausible" when the complaint contains facts which allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Plausible" does not mean "probable," although the plaintiff must show that its entitlement to relief is more than speculative. *Id.*; *Twombly*, 550 U.S. at 555. "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted). However, "Specific facts are not necessary; the [complaint] need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly,* 550 U.S. at 544). Still, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

The Tenth Circuit has stated:

> As we have emphasized, "[g]ranting [a] motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1276 (10th Cir. 2023) (quoting *Dias v. City & Cnty. Of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)) (second alteration in original). We impose a "low bar for surviving a motion to dismiss," *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1034 (10th Cir. 2020), and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely," *Id.* (quoting *Dias*, 567 F.3d at 1178).

*Brown v. City of Tulsa*, 124 F.4th 1251, 1264 (10th Cir. 2025).

## THE MOTION TO DISMISS

Plaintiff's Complaint raises the following claims for relief:

First Claim for Relief: 11 U.S.C. § 523 – Fraud or Defalcation; Second Claim for Relief: Willful and Malicious Injury for Violation of Colorado Consumer Protection Act (CCPA), C.R.S. §§ 6-1-101 to -115; Third Claim for Relief: 11 U.S.C. § 523(a)(6) – Civil Theft; Fourth Claim for Relief: 11 U.S.C. § 523(a)(6) – Willful and Malicious Injury; Fifth Claim for Relief: 11 U.S.C. § 523(a)(7) for Violation of CCPA, C.R.S. §§ 6-1-101 to -115; Sixth Claim for Relief: 11 U.S.C. § 523(a)(2)(A) – Nondisclosure or Concealment; and Seventh Claim for Relief: Piercing the Limited Liability Veil(s).

Defendant's Motion argues the Complaint should be dismissed for failure to state a plausible claim for relief.

Defendant is acting as a pro se litigant and the Court has liberally construed and held the Defendant to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-521, 30 L. Ed. 652, 92 S. Ct. 594 (1972).

The Motion and Replies appear to be ghostwritten in violation of the spirit, if not the letter, of L.B.R. 9010-1(c)(3). The Motion uses "the right words" incorporating the legal standards for motions to dismiss under Fed.R.Civ.P. 12(b), but fails to accurately apply the law to the factual allegations set forth in the Complaint.

The Rule 12(b)(6) inquiry is not an evidentiary inquiry. The Court does not weigh evidence, resolve factual disputes, decide credibility, or determine whether the plaintiff will ultimately prevail. The question is whether the complaint, viewed through the Rule 12(b)(6) lens, is legally sufficient to proceed. A complaint may survive dismissal even if proof of the alleged facts appears improbable, so long as the well-pleaded allegations raise the right to relief above the speculative level.

4

**FIRST CLAIM FOR RELIEF – 11 U.S.C. § 523 – FRAUD OR DEFALCATION**

11 U.S.C. § 523(a)(4) provides that a Chapter 7 debtor is not discharged for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

Plaintiff's Fourth Claim for Relief is brought for "fraud or defalcation while acting in a fiduciary capacity" under 11 U.S.C. § 523(a)(4).

Prior to the Supreme Court's decision in *Bullock v. BankChampaign, N.A.,* 569 U.S. 267, 274 (2013), in the Tenth Circuit, to succeed on a claim for fraud or defalcation while acting in a fiduciary capacity, a creditor was required to prove: (1) the existence of an express or technical trust; (2) that Debtor owed a fiduciary duty arising from the trust; and (3) that Debtor breached the fiduciary duty by defalcation. *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1371-72 (10th Cir. 1996).

Whether a debtor is a fiduciary is determined by federal law, although state law is relevant to the inquiry.  *Young*, 91 F.3d at 1371.  In order to establish a fiduciary duty, a creditor must prove the existence of either an express or technical trust.  *Id*.

Plaintiff relies on the Mechanics' Lien Trust Fund Statute to establish the existence of an express or technical trust.  Colo.Rev.Stat. § 38-22-127(1) provides:

> All funds disbursed to any contractor or subcontractor under any building, construction, or remodeling contract or on any construction project shall be held in trust for the payment of the subcontractors, laborer or material suppliers, or laborers who have furnished laborers, materials, services, or labor, who have a lien, or may have a lien, against the property, or who claim, or may claim, against a principal and surety under the provisions of this article and for which such disbursement was made.

The Mechanics' Lien Trust Fund Statute satisfies the express or technical trust requirement and imposes a fiduciary duty necessary to establish a claim under 11 U.S.C. § 523(a)(4).  *MacArthur Co. v. Cupit (In re Cupit)*, 514 B.R. 42, 49 (Bankr. D. Colo. 2014).

An individual in control of the finances of an entity is personally liable for the entity's violations of the Mechanics' Lien Trust Fund Statute. *See Alexander Co. v. Packard*, 754 P.2d 780, 782 (Colo. App. 1998).

Property owners, as well as subcontractors, material suppliers, and laborers, have standing to pursue violations of the Mechanics' Lien Trust Fund Statute.  *Syfrett v. Pullen*, 209 P.3d 1167, 1171 (Colo. App. 2008).

Plaintiff's Complaint alleges payments subject to the Mechanics' Lien Trust Fund Statute were made to Avi's Remodeling and Contracting, LLC dba Schwalb Builders, LLC

5

("Avi's").  The Complaint alleges Defendant was in control of the finances and financial decisions of Avi's and was in a position to authorize, and did authorize, the use of funds subject to the trust for purposes of other than the payment of subcontractors or material suppliers, thereby breaching the fiduciary duty by defalcation.

Plaintiff's Complaint states a plausible claim for relief for fraud or defalcation while acting in a fiduciary duty under 11 U.S.C. § 523(a)(4).

## SECOND CLAIM FOR RELIEF – WILLFUL AND MALICIOUS INJURY FOR VIOLATION OF COLORADO CONSUMER PROTECTION ACT (CCPA)

11 U.S.C. § 523(a)(6) provides that a Chapter 7 debtor is not discharged for willful and malicious injury by the debtor to another entity or the property of another entity.  The creditor must establish that the conduct of the debtor was "willful and malicious" and caused an injury to an entity or the property of an entity.

Non-dischargeability under 11 U.S.C. § 523(a)(6) requires both a "willful injury" and a "malicious injury."  *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004) ("Without proof of *both*, an objection to discharge under that section must fail.").  The United States Supreme Court has held that the term "willful" requires proof of a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury. *Kawaauhua v. Geiger*, 523 U.S. 57, 61 (1998).

"[T]he (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the *consequences* of an act," not simply "the act itself."  *Id.* at 61-62.

The Tenth Circuit has held that "the term 'malicious' requires proof 'that the debtor either intend[ed] the resulting injury or intentionally [took] action that [was] substantially certain to cause injury.'"  *Moore*, 357 F.3d at 1129 (quoting *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995)).  The Tenth Circuit Bankruptcy Appellate Panel determined the definition of "malicious" in *Moore* was *dicta* and applied a different standard to determine whether there is a malicious injury. *First Am. Title Ins. Co. v. Smith (In re Smith)*, 618 B.R. 901, 918 (BAP 10th Cir. 2020).  The totality of the circumstances must be examined to determine whether the act was performed without justification or excuse.  The act must be wrongful.  *Id*. at 919-20.

Plaintiff argues that the CCPA forms a basis for a claim under 11 U.S.C. § 523(a)(6). Colorado law provides a private right of action under the CCPA requiring a showing: (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of the defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury.  *Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998).

The well-pleaded allegations in the complaint, when taken as true, establish the Debtor engaged in deceptive trade practices in his course of business which affected the

Plaintiff and caused actual damages. The complaint further alleges the violation of the CCPA falls within the scope of 11 U.S.C. § 1123(a)(6) as it was willful, malicious, and bad faith conduct.

The complaint states a plausible claim for relief.

### THIRD CLAIM FOR RELIEF – 11 U.S.C. § 523(a)(6) – CIVIL THEFT

Plaintiff argues that civil theft under Colorado law forms a basis for a claim under 11 U.S.C. § 523(a)(6). Colorado law provides for a private right of action for civil theft in Colo.Rev.Stat. §§ 18-4-401 and 18-4-405.

C.R.S. § 18-4-401 provides:

> (1) A person commits theft when he or she knowingly obtains, retains, or exercises control over anything of value of another without authorization or by threat or deception; or receives, loans money by pawn or pledge on, or disposes of anything of value or belonging to another that he or she knows or believes to have been stolen, and:
> (a) Intends to deprive the other person permanently of the use or benefit of the thing of value;
> (b) Knowingly uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit;
> (c) Uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will deprive the other person permanently of its use or benefit;
> (d) Demands any consideration to which he or she is not legally entitled as a condition of restoring the thing of value to the other person; or
> (e) Knowingly retains the thing of value more than seventy-two hours after the agreed-upon time of return in any lease or hire agreement.

C.R.S. § 18-4-405 provides:

> All property obtained by theft, robbery, or burglary shall be restored to the owner, and no sale, whether in good faith on the part of the purchaser or not, shall divest the owner of his right to such property. The owner may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property. In any such action, the owner may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorney fees; but monetary damages and attorney fees shall not be recoverable from a good-faith purchaser or good-faith holder of the property.

7

The elements of theft under C.R.S. § 18-4-401 parallel the standards applied to determine whether an injury is willful and malicious.  Taking another's valuable property knowingly and deliberately and intending the injury of depriving them of its use and benefit, which is certainly reasonably foreseeable, falls within the terms willful and malicious. *See In re Tague,* 137 B.R. 495, 502 (Bankr. D. Colo. 1991); *Waknin v. Teta (In re Teta)*, No. 10-26493-MER, 2011 WL 2435948 (Bankr. D. Colo. June 16, 2011).

A defendant liable for civil theft necessarily meets the requirements of willful and malicious injury to the property interest of a plaintiff for the purposes of dischargeability under 11 U.S.C. § 523(a)(6). *C-Ball Ventures, LLC v. Oltmann (In re Oltmann)*, 505 B.R. 311, 318 (Bankr. D. Colo. 2014).

The Complaint alleges the Defendant knowingly retained, obtained, or exercised control by causing Plaintiff's funds to be transferred from Avi's to Defendant with the intent to permanently deprive Plaintiff of the funds.

The Complaint plausibly states a claim for relief under 11 U.S.C. § 523(a)(6).

## FOURTH CLAIM FOR RELIEF – 11 U.S.C. § 523(a)(6) – WILLFUL AND MALICIOUS INJURY

> [N]ot every intentional act or breach of an agreement falls within the exception to discharge. Rather, we believe the rule fully supported by our cases is that "willful and malicious injury" occurs when the debtor, without justification or excuse, and with full knowledge of the specific consequences of his conduct, acts notwithstanding, knowing full well that his conduct will cause particularized injury. Such a standard is consistent with our rule that 523(a)(6) requires not only intentional conduct on the part of the debtor, but also intentional or deliberate injury.

*Dorr, Bentley & Pecha, CPA's, P.C. v. Pasek (In re Pasek)*, 983 F.2d 1524, 1526-27 (10th Cir. 1993).

The Complaint alleges that the contract entered into between Plaintiff and Avi's required Avi and the Debtor to act in good faith and deal fairly in performing or enforcing the express terms of the contract.  The Complaint alleges the Defendant intentionally caused Avi's to breach the duty of good faith and fair dealing by not obtaining permits, failing to pay workers/contractors, failing to use a licensed electrician, and failing to otherwise perform under the contract.

The Complaint alleges the Defendant acted willfully, maliciously, dishonestly, and outside of excepted commercial practices in the intentional breach of the contract.

Taking the well-pleaded allegations as true and in the light most favorable to the Plaintiff, the Complaint plausibly states a claim for relief that the contract was breached

by the Defendant without justification or excuse with the intent to cause injuries excepting the claim from discharge under 11 U.S.C. § 523(a)(6).

### FIFTH CLAIM FOR RELIEF – 11 U.S.C. § 523(a)(7) – VIOLATION OF CCPA

In the Fifth Claim for Relief, the Plaintiff alleges that Debtor engaged in a deceptive trade practice in the course of the Debtor's business; the Plaintiff was an actual consumer of Debtor's services; and Debtor's deceptive trade practices caused actual damage.  As alleged in the Second Claim for Relief, Plaintiff alleges the violation of the CCPA is excepted from discharge under 11 U.S.C. § 523(a)(6).

The relevant portion of 11 U.S.C. § 523(a)(7) excepts from discharge a debt owed by an individual provides "to the extent that such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit and is not compensation for actual pecuniary loss . . . . "

The exception to discharge extends to "[a] state's penal and rehabilitative interests in criminal proceedings [and] 'are sufficient to place restitution orders within the meaning of § 523(a)(7).'"  *Med. Lien Mgmt. v. Dampier (In re Dampier)*, No. CO-16-020, 2017 Bankr. LEXIS 1000, at *8 (B.A.P. 10th Cir. Apr. 11, 2017)(citing *Kelly v. Robinson*, 479 U.S. 36, 53 (1986)).

Plaintiff alleges that the attorney's fees and costs provided for under the CCPA and reduced to judgment in the prior state court litigation are excepted from discharge under 11 U.S.C. § 523(a)(7).  Plaintiff argues although there is a private right of action, the CCPA is sufficiently penal in nature to fall within the scope of 11 U.S.C. § 523(a)(7).

The Defendant's Motion to Dismiss does not seek dismissal of Plaintiff's Fifth Claim for Relief and the Court finds Plaintiff states a plausible claim for relief.

### SIXTH CLAIM FOR RELIEF – 11 U.S.C. § 523(a)(2)(A) – NONDISCLOSURE OR CONCEALMENT

Section 523(a)(2)(A) provides, in pertinent part, that a Chapter 7 debtor is not discharged from any debt for money or an extension of credit to the extent that such debt was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

Under 11 U.S.C. § 523(a)(2)(A), a debt obtained by false pretenses or a false representation is not dischargeable when a creditor proves:

> (1) the debtor made a false representation; (2) with the intent to deceive the creditor; (3) the creditor relied on the false representation; (4) the creditor's reliance was justifiable; and (5) the false representation resulted in damages to the creditor.

*In re Denbleyker*, 251 B.R. 891, 895 (Bankr. D. Colo. 2000) (citing *Field v. Mans*, 516 U.S. 59, 71 (1995)); *Fowler Brothers v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996).

As set forth in Plaintiff's response, the Complaint sets forth with specificity in paragraphs 12-14, 23-24, and 68-76, well-pleaded factual allegations identifying specific false representations.

The Complaint alleges the false representations were made with the intent to deceive the Plaintiff; the Plaintiff justifiably relied on the false representations; and the false representations resulted in damages.

Again, at the motion to dismiss stage, the Court does not weigh evidence, resolve factual disputes, decide credibility, or determine whether the plaintiff will ultimately prevail. The factual allegations in the Complaint identify the false representations with specificity, and when taken as true, plausibly state a claim for relief under 11 U.S.C. § 523(a)(2)(A).

### SEVENTH CLAIM FOR RELIEF – PIERCING THE LIMITED LIABILITY VEIL(S)

The Colorado Supreme Court has explained, under certain circumstances personal liability can be imposed for corporate acts:

> Traditional piercing penetrates the corporate veil and imposes liability on individual shareholders for the obligations of the corporation. Individual liability is appropriate when the corporation is merely the alter ego of the shareholder, and the corporate structure is used to perpetuate a wrong. In such extraordinary circumstances, the courts may ignore the independent existence of the business entity and pierce the corporate veil to achieve an equitable result.

> To determine whether piercing the corporate veil is appropriate, the court must first inquire into whether the corporate entity is the alter ego of the shareholder. Only then will actions ostensibly taken by the corporation be considered acts of the shareholder. An alter ego relationship exists when the corporation is a "mere instrumentality for the transaction of the shareholders' own affairs, and there is such unity of interest in ownership that the separate personalities of the corporation and the owners no longer exist."

> In establishing whether such unity of interest exists as to disregard the corporate fiction and treat the corporation and shareholder as alter egos, courts consider a variety of factors, including whether (1) the corporation is operated as a distinct business entity, (2) funds and assets are commingled, (3) adequate corporate records are maintained, (4) the nature and form of the entity's ownership and control facilitate misuse

by an insider, (5) the business is thinly capitalized, (6) the corporation is used as a "mere shell," (7) shareholders disregard legal formalities, and (8) corporate funds or assets are used for noncorporate purposes. These factors reflect the underlying principle that the court should only pierce when the corporate form has been abused.

The court's second inquiry is whether justice requires recognizing the substance of the relationship between the shareholder and corporation over the form because the corporate fiction was "used to perpetrate a fraud or defeat a rightful claim." Only when the corporate form was used to shield a dominant shareholder's improprieties may the veil be pierced.

Third, the court must evaluate whether an equitable result will be achieved by disregarding the corporate form and holding the shareholder personally liable for the acts of the business entity. Achieving an equitable result is the paramount goal of traditional piercing of the corporate veil. A claimant seeking to pierce the corporate veil must make a clear and convincing showing that each consideration has been met.

*Connolly v. Englewood Post No. 322 VFW of the United States, Inc. (In re Phillips)*, 139 P.3d 639, 644 (Colo. 2006) (internal citations omitted). Paragraphs 42-47 in the Complaint include specific well-pleaded factual allegations showing Schwalb Builders and Avi's Remodeling are alter-egos of one another and the Schwalb Builders is an alter-ego of the Defendant.

Paragraphs 84-88 allege that Debtor is a member/manager of Avi's and was responsible for management and use of funds paid by customers such as Plaintiff to Avi's with the expectation of construction being done pursuant to agreements such as the contract. Plaintiff further alleges that funds paid by customers were not used as expected as evidenced by the multiple lawsuits filed against the Debtor and Avi's since 2020, predominantly in 2023.

Paragraph 89, incorporating the criminal indictment and pre-petition litigation, includes well-pleaded factual allegations that the Defendant misused the corporate shell to perpetuate wrongs.

The Complaint includes well-pleaded factual allegations that the corporation was (a) a mere alter-ego of the shareholder; (b) the corporate structure was used to perpetrate a wrong; and (c) the piercing of the corporate veil would lead to an inequitable result. The Complaint plausibly states a claim that the corporation was a mere instrumentality for the transaction of the Debtor's own affairs, and there is such unity of an interest in ownership that the separate personalities of the corporation and the Defendant no longer exist.

The Complaint plausibly states a claim for relief that the Defendant is an alter-ego of Avi's and is therefore personally liable for the corporations' obligations.

11

## CONCLUSION

For the reasons stated above, it is

ORDERED that Defendant's Motion to Dismiss Adversary Proceeding (Doc. 9) is DENIED.  It is

FURTHER ORDERED that Defendant shall file an answer or other responsive pleading on or before **June 12, 2026.**

Dated this  29th  day of  ___May___ , 2026.

BY THE COURT:

_____
Joseph G. Rosania, Jr.
United States Bankruptcy Judge